ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for CARLOS PENA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA,<br>    Plaintiff,<br>vs.<br>CINEMARK HOLDINGS, INC.;<br>CINEMARK USA, INC.; CENTURY THEATRES, INC., dba Cinemark Century Oakridge 20 XD and Screen X; and DOES 1-10, Inclusive,<br>    Defendants. | Case No. 23-cv-6032<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARLOS PENA ("Plaintiff") complains of Defendants **CI**NEMARK HOLDINGS, INC.**;** CINEMARK USA, INC.**;** CENTURY THEATRES, INC.**,** dba Cinemark Century Oakridge 20 XD and Screen X; and DOES 1-10, Inclusive, (collectively, "Defendants"), and each of them, and alleges as follows:

1. **INTRODUCTION:** The Americans with Disabilities Act ("ADA") was enacted over thirty years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the main goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)).

1  Despite this long-standing mandate, Defendants - the owners, operators, lessors and lessees of a
2  business known as Cinemark Century Oakridge 20 XD and Screen X ("Theater"), located at or
3  about 925 Blossom Hill Rd #2000, San Jose, California, have denied Plaintiff, who is a
4  wheelchair user, reasonable modifications in policies, practices, or procedures, "when the
5  modifications are necessary to afford goods, services, facilities, privileges, advantages, or
6  accommodations to individuals with disabilities."42 U.S.C. § 12182(b)(2)(A)(ii), ADA
7  § 302(b)(2)(A)(ii). Thus, Defendants prevented Plaintiff from having an experience that is
8  functionally equivalent to that of other Theater's patrons. In so doing, Defendants have violated,
9  and continue to be in violation of, the Americans with Disabilities Act; the California Unruh
10 Civil Rights Act; and the California Disabled Persons Act.
11         2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered,
12 and will continue to suffer, damages, and has been prevented from accessing and using
13 Defendants' goods, services, and facilities to the same extent as, and in a manner equal to, his
14 able-bodied peers. Through this lawsuit, Plaintiff seeks injunctive relief to require Defendants to
15 make the Theater accessible to wheelchair users and to ensure that any wheelchair user who
16 visits the Theater will be provided accessible facilities. Plaintiff also seeks recovery of damages
17 for his mental and emotional injuries, and his discriminatory experiences and denial of access
18 and of civil rights, which denial is continuing as a result of Defendants' failure to provide
19 wheelchair users with accessible facilities. Plaintiff also seeks recovery of reasonable statutory
20 attorneys' fees, litigation expenses and costs, under federal and state law.
21         3. **JURISDICTION:** This Court has jurisdiction over this action pursuant to 28 U.S.C. §
22 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.
23 Under supplemental jurisdiction, attendant and related causes of action arising from the same
24 facts are also brought under California law, including, but not limited to, violations of Cal. Civ.
25 Code, §§ 51, 52, 54, 54.1, 54.3.
26         4. **VENUE**: Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded
27 on the fact that the real property which is the subject of this action is in this district and that
28

Complaint for Injunctive and Declaratory Relief and Damages

2

1  Plaintiff's causes of action arose in this district.

2      5. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the
3  real property which is the subject of this action is in this intradistrict and Plaintiff's causes of
4  action arose in this intradistrict.

5      6. **PARTIES**: Plaintiff is a person with physical disabilities, as defined by all applicable
6  California and United States laws. Plaintiff has been physically disabled due to cerebral palsy
7  and spinal fusion. As a result, Plaintiff cannot walk and uses a motorized wheelchair for
8  mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities
9  that are not designed and/or constructed in compliance with applicable accessibility standards to
10 accommodate disabled persons who need a wheelchair for mobility. Plaintiff is a resident of San
11 Jose, California.

12     7. Defendants are the owners, operators, lessors, and lessees of the business, property
13 located at 925 Blossom Hill Rd # 2000, San Jose, CA 95123. The Theater is a "public
14 accommodation" and "business establishment" subject to the requirements of § 301(7) of the
15 Americans with Disabilities Act of 1990, and of Civil Code, §§ 51 et seq., 54 et seq. On
16 information and belief, these facilities have undergone alterations since January 26, 1992,
17 subjecting each such facility to the disabled access requirements of § 303 of the Americans with
18 Disabilities Act of 1990.

19     8. Upon information and belief, Defendants CINEMARK HOLDINGS, INC. is a leader
20 in the theatrical exhibition industry with 521 theatres and 5,855 screens in the U.S. and Latin
21 America as of June 30, 2022. Upon information and belief, revenue of CINEMARK
22 HOLDINGS, INC. for 2022 was $2.45 billion. Upon information and belief, Defendants
23 CINEMARK USA, INC. and CENTURY THEATRES, INC. are subsidiaries of CINEMARK
24 HOLDINGS, INC.

25     9. The true names and capacities of Defendants DOES 1 through 10, inclusive, are
26 unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is
27 informed and believes that each of all these Defendants designated as a Doe is legally

28

responsible in some manner for the events and happenings referred here to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

10. Defendants are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of Defendant here is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of here.

11. **FACTUAL ALLEGATIONS:** At all times mentioned here, Plaintiff has been persons with physical disabilities who relies on a wheelchair for mobility.

12. The Theater has reclining seats, and each seat has a swivel tray table for food and drink. The Theater also has wheelchair spaces with companion seats. And the companion seats have a swivel tray table as well. The wheelchair spaces do not have any tray tables and the swivel tray table attached to the adjacent companion seat is not on the arm rest closest to the wheelchair space. It also rotates in only one direction. Therefore, wheelchair users cannot turn the companion seat tray table towards themselves and use it to hold their food and drink. The following is a photograph of the companion seat:



Complaint for Injunctive and Declaratory Relief and Damages

4

1  The wheelchair space is to the left of the companion seat shown in the picture.

2   13. Plaintiff has seen many movies at the Theater. During all these visits he needed to use
3  the wheelchair space to watch the movie. Plaintiff was not provided a food tray in the wheelchair
4  space and for the reasons previously stated, he could not use the swivel food tray table attached
5  to the companion seat's arm rest.

6   14. On April 21, 2023, Plaintiff went to go see the Covenant at the 3:40 p.m. showing.
7  After buying his food and drink, Plaintiff made his way into the auditorium toward the
8  wheelchair space. As he expected, the wheelchair space that he reserved did not have a tray table
9  to hold his food and drink. Plaintiff then complained to the manager who said that there was
10 nothing that the Theater could do. Thus, while other Theater's patrons were enjoying a movie
11 relaxing in their reclined seats without having to worry that they would spill their drinks in their
12 lap, Plaintiff had no choice but to watch the movie while struggling to hold his drink to avoid
13 spilling it. Plaintiff had no ability to hold both his food and drink, so the food went to waste.

14  15. After this visit, Plaintiff on the same day complained to Defendants by filling out an
15 online customer feedback form on the Theater's website. Plaintiff received the following
16 automated response:

17
18  *Hi Carlos*

19  *Thank you for contacting Cinemark Guest Services. We received your email and our Guest Service team will respond to you shortly.*

20
21  *Best regards*
 *Cinemark Guest Services*

22  *Ref:MSG7852221*

23
24  16. Three days later, Plaintiff received an email from "Miranda" of "Cinemark Guest
25 Services":

26
27
28

Complaint for Injunctive and Declaratory Relief and Damages
5

> *Hi Carlos,*
>
> *Thank you for contacting Cinemark Guest Services and taking the time to tell us about your experience while going to see Covenant on April 21. I apologize you did not have a great experience during your visit. I hope every guest has an extraordinary time at our theatres and unfortunately that did not happen.*
>
> *We will escalate your feedback to the appropriate department.*
>
> *I want to invite you back to our theatre with the hope that you will give us another chance to deliver the extraordinary experience you deserve. 280 points were added to your Movie Rewards account and are currently available to use.*
>
> *Thank you again for bringing this to my attention. I am working with the theatre management to prevent this from happening in the future. Have a great day.*
>
> *Miranda*
> *Cinemark Guest Services*
>
> *Ref:MSG7859828*

Despite the vague statement that Guest Services is "working with the theater management prevent this from happening in the future," Plaintiff still hoped that his concerns would be addressed.

17. On May 18, 2023, Plaintiff returned to the Theater to see Fast X at the 3:00 p.m. showing. After purchasing his food and drink, he made his way to the wheelchair space that he reserved. Once again, there was no tray table for Plaintiff to use. Plaintiff complained to Theater staff. He asked if staff could provide him with a tray or small table that he could use to hold his food and drink. He was offered a pizza box which was not only insulting to him, but it also did not resolve the problem because the flimsy pizza box still required Plaintiff to struggle to avoid from spilling the food and drink.

18. Defendants' ongoing failure to provide him with a movie theater experience that is equivalent to persons that are not disabled caused Plaintiff repeated difficulties, discomfort,

Complaint for Injunctive and Declaratory Relief and Damages
6

and/or embarrassment. Plaintiff's request to provide him a tray table that he can use is eminently reasonable. In fact, Defendants' competitor, AMC theaters, have table trays that serve the wheelchair spaces.

19. Plaintiff is a Cinemark Movie Club member and intends to continue seeing movies at the Theater regularly. Plaintiff will be denied full and equal basis at the Theater during all future visits to the Theater if the discriminatory conditions discussed in this Complaint are not eliminated.

20. Defendants' behavior was intentional. Defendants knew that they were subject to the ADA. Defendants knew that Plaintiff needed an accessible food and drink tray. Plaintiff made efforts to alert Defendants of his needs and to explain to Defendants why the food and drink trays at the Theater are inaccessible to him.

21. Plaintiff alleges that it would be a futile gesture to provide further notices of violations as alleged herein, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

**FIRST CAUSE OF ACTION**
**Violation of the Americans with Disabilities Act of 1990**
**(TITLE III U.S.C. §12101 *et seq.*)**
**(Against all Defendants and Each of Them)**
**Denial of "Full and Equal" Enjoyment and Use**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them herein as if separately repled.

23. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

24. Plaintiff was at all times relevant here is qualified individual with a disability as

1 defined by the ADA, as he has impairments that substantially limit one or more major life
2 activities.
3 25. Plaintiff has reasonable grounds for believing he will be subjected to discrimination
4 each time he may attempt to access and use the subject facilities.
5 26. The subject property and facility are among the "private entities," which are
6 considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. §
7 12181(7).
8 27. The acts and omissions of Defendant set forth here were in violation of Plaintiff's
9 rights under the ADA and the regulations promulgated under it.
10 28. Plaintiff alleges on information and belief that Theater was designed and
11 constructed (or both) after January 26, 1992 -- independently triggering access requirements
12 under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing
13 (or both) the Theater in a manner that did not comply with federal and state disability access
14 standards even though it was practicable to do so.
15 29. Plaintiff also alleges on information and belief that Theater was modified after
16 January 26, 1992. Any alterations, structural repairs, or additions since January 26, 1992, have
17 independently triggered requirements for the removal of barriers to access for disabled persons
18 per § 12183 of the ADA.
19 30. Defendants have discriminated against Plaintiff in violation of Title III of the ADA
20 by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b)
21 failing to make reasonable modifications in policies, practices, or procedures when such
22 modifications are necessary to afford (and would not fundamentally alter the nature of) the
23 goods, services, facilities, privileges, advantages, or accommodations of Theater to individuals
24 with disabilities; (c) failing to design and construct the Theater in such manner that it is readily
25 accessible to and usable by individuals with disabilities, if the construction was commenced
26 after January 26, 1992; (d) failing to alter the Theater in such a manner that the altered portion
27 of the Theater is readily accessible to and usable by individuals with disabilities, if such
28

alteration was commenced after January 26, 1992; and (e) failing to provide an assessable assembly area in accordance with 28 C.F.R. § 36.308. Also, as noted throughout this Complaint, the removal of each of the barriers complained of here was also required under California law.

31. Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff prays for relief as stated below.

**SECOND CAUSE OF ACTION:**
**Violation of the Disabled Persons Act**
**(California Civil Code § 54 *et seq.*)**
**(Against all Defendants and Each of Them)**

32. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 31 of this Complaint and incorporates them herein as if separately repled.

33. The Theater is a place of public accommodation and/or places to which the public is invited and, as such, it must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

34. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

35. The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

36. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

37. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability. Defendants have also violated the CDPA by, among other things, failing to modify their policies and procedures necessary to ensure Plaintiff has equal access to the accommodations, advantages, privileges, or services.

38. Defendants' behavior was intentional: Defendants were previously aware and/or were made aware of their legal obligation to provide effective communication to people with physical impairments. Defendants' discriminatory practice and/or policy to deny full enjoyment of its facilities to persons physical disabilities indicates actual and implied malice and conscious disregard for rights of the disabled Plaintiff.

39. Plaintiff suffered injuries as above described because of Defendants' violations. Plaintiff's injuries are ongoing because he is deterred from returning to the Theater until Defendants' discriminatory practices and/or policies are remedied.

WHEREFORE, Plaintiff prays for relief as stated below.

### THIRD CAUSE OF ACTION:
**Violation of the Unruh Civil Rights Act**
**(California Civil Code, §§ 51, 52)**
**(Against All Defendants and Each of Them)**

40. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them herein as if separately repled.

41. At all times relevant to this complaint, Civil Code, § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of disability or medical condition:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

every kind whatsoever. Civ. Code, § 51(b).

42. Civil Code, § 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disabilities constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

43. Defendants' discrimination constitutes a separate and distinct violation of Civil Code, § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Civil Code, §§ 51, 51.5, 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Civil Code, §§ 51, 51.5, 51.6.

44. Any violation of the Americans with Disabilities Act of 1990 (as pled in the First Cause of Action) constitutes a violation of Civil Code, § 51(f) thus independently justifying an award of damages and injunctive relief under California law. Per Civil Code, § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section."

45. The actions and omissions of Defendants as alleged here constitute a denial of access to and use of the described public facilities by wheelchair users under Civil Code, §§ 51, 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §§ 51, 52.

46. Defendants' behavior was intentional: Defendants were previously aware and/or were made aware of its legal obligation to provide effective communication to people with physical impairments. Defendants' discriminatory practice and/or policy to deny full enjoyment of its facilities to persons with physical impairments indicates actual and implied malice and conscious disregard for rights of the disabled Plaintiff.

47. Plaintiff suffered injuries as above described due to Defendants' violations. Plaintiff's

injuries are ongoing because he is deterred from returning to the Theater until Defendants' discriminatory practices and/or policies are remedied.

WHEREFORE, Plaintiff prays for relief as stated below.

## **PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to make the Theater "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Theater in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities—are a violation of the ADA.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[1]

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at the Theater;

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

Complaint for Injunctive and Declaratory Relief and Damages
12

c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Theater;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities;

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Theater; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Theater.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur.

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest under California Civil Code § 3291.

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Dated: November 20, 2023          */s/ Irakli Karbelashvili*
                                   Irakli Karbelashvili, Attorney for
                                   Plaintiff CARLOS PENA

Complaint for Injunctive and Declaratory Relief and Damages

13

**DEMAND FOR JURY**

Plaintiff demands a jury for all claims for which a jury is permitted.

Dated: November 20, 2023                    */s/ Irakli Karbelashvili*
                                            Irakli Karbelashvili, Attorney for
                                            Plaintiff CARLOS PENA